## IN RE THE BALLOT ACT.

Pub. Laws R. I. cap. 731, of March 29, 1889, "The Ballot Act, "does not conflict with article 8, §§ 2, 3, of the constitution of the State.

PUBLIC LAWS R. I. cap. 731, " The Ballot Act " of March 29, 1889, § 6, provide :

" SECT. 6.  Every ballot printed in accordance with the provisions of this act shall contain the names, residences, together with the street and number, if any, and the party or political designation, of all candidates whose nominations for any offices specified in the ballot have been duly made and not withdrawn in accordance herewith, and shall contain no other names ; except that in the case of electors of president and vice president of the United States the names of the candidates for president and vice president may be added to the party or political designation.  The names of candidates for each office shall be arranged under the designation of the office in alphabetical order, according to surnames, except that the names of candidates for the offices of electors of president and vice president shall be arranged in groups, as presented in the several certificates of nomination or nomination papers.  There shall be left at the end of the list of candidates for each different office as many blank spaces as there are persons to be elected to such office, in which the voter may insert the name of any person not printed on the ballot, for whom he desires to vote as a candidate for such office.  Whenever the approval of a constitutional amendment or other question is sub-

mitted to the vote of the people, such questions shall be printed upon the ballot after the list of candidates. The ballots shall be so printed as to give to each voter a clear opportunity to designate, by a cross mark [X] in a sufficient margin at the right of the name of each candidate, his choice of candidates and his answer to the question submitted, and on the ballot may be printed such words as will aid the voter to do this, as ' Vote for one,' 'Vote for three,' ' Yes,' ' No,' and the like. ᵃ Before distribution the ballots shall be folded so that no printing shall appear except the indorsement, which shall be printed, on the back and outside, ' Official Ballot for,' followed by the designation of the polling place for which the ballot is prepared, the date of the election, and a fac-simile of the signature of the secretary of state, who has caused the ballots to be so printed and folded."

The Constitution of the State of Rhode Island, art. 8, §§ 2, 3, 5, 6, provides:

" SECT. 2. The voting for governor, lieutenant governor, secretary of state, attorney general, general treasurer, and representatives to Congress, shall be by ballot; senators and representatives to the General Assembly, and town or city officers, shall be chosen by ballot, on demand of any seven persons entitled to vote for the same; and in all cases where an election is made by ballot or paper vote, the manner of balloting shall be the same as is now required in voting for general officers, until otherwise prescribed by law.

" SECT. 3. The names of the persons voted for as governor, lieutenant governor, secretary of state, attorney general, and general treasurer shall be placed upon one ticket ; and all votes for these officers shall, in open town or ward meetings, be sealed up by the moderators and town clerks and by the wardens and ward clerks, who shall certify the same and deliver or send them to the secretary of state, whose duty it shall be securely to keep and deliver the same to the grand committee, after the organization of the two houses at the annual May session; and it shall be the duty of the two houses at said session, after their organization, ·upon the request of either house, to join in grand committee, for the purpose of counting and declaring said votes, and of electing other officers.

" SECT. 5. The ballots for senators and representatives in the several towns shall, in each case, after the polls are declared to be closed, be counted by the moderator, who shall announce the result, and the clerk shall give certificates to the persons elected. If, in any case, there be no election, the polls may be reopened, and the like proceedings shall be had until an election shall take place : *Provided*, however, that an adjournment or adjournments of the election may be made to a time not exceeding seven days from the first meeting.

" SECT. 6. In the city of Providence, the polls for senator and representatives shall be kept open during the whole time of voting for the day, and the votes in the several wards shall be sealed up at the close of the meeting by the wardens and ward clerks in open ward meeting, and afterwards delivered to the city clerk. The mayor and aldermen shall proceed to count said votes within two days from the day of election ; and if no election of senator and representatives, or if an election of only a portion of the representatives, shall have taken place, the mayor and aldermen shall order a new election, to be held not more than ten days from the day of the first election, and so on until the election shall be completed. Certificates of election shall be furnished by the city clerk to the persons chosen."

Pub. Stat. R. I. cap. 10, § 19, as amended by Pub. Laws R. I. cap. 629, § 2, of April 19, 1887, provide :

" SECT. 19. In cities and in towns which are divided into districts for voting, as soon as the examination and counting of the ballots is concluded, the wardens and clerks and the moderators and district clerks shall forthwith, in open ward or district meetings, seal up all the ballots other than those given for general officers, with a certificate of the number of ballots and for what officers they have been given. The package containing said ballots shall be delivered to the city or town clerk within twelve hours of the time of sealing up, and shall not upon any pretence whatever be opened or recounted by said wardens and clerks, or moderators and clerks, or by either of them, or by any other person, until said package of ballots is delivered to the said city or town clerk. Said wardens and ward clerks, and moderators and district clerks, shall as soon as said ballots, including those given

for general officers, are counted, make a record, in a book to be provided by the secretary of state for said purpose, of the number of ballots given in at said election, specifying the names of the persons, for what offices, and the number of ballots given in for each, also the number of ballots cast for or against any proposition of amendment to the constitution of the State, or upon any other proposition or subject whatever, and shall respectively sign such record. Said book shall be deposited with the town or city clerk with the ballots, and, in case of the loss or destruction of said ballots, shall be evidence of the matters therein contained. Any person who shall wilfully violate any of the provisions of this section, shall be fined not more than one thousand dollars, or be imprisoned not more than three years, either or both."

Under article 10 section 3, of the constitution of the State, which provides that the "judges of the Supreme Court . . . shall . . . give their written opinion upon any question of law whenever requested by the governor, or by either house of the General Assembly," the governor addressed the following communication to the justices of the court:

EXECUTIVE DEPARTMENT,

PROVIDENCE, January 20, 1890.

*To the Honorable the Justices of the Supreme Court of the State of Rhode Island :*

GENTLEMEN : In accordance with the provisions of section 3, article 10, " Of the Judicial Power " of the constitution of the State, I respectfully request an opinion upon the following question of law :

" Is section 6 of chapter 731 of the Public Laws in conflict with sections 2 and 3 of article 8 of the constitution, ' Of Elections,' or in conflict with any other article or section of the constitution of the State ? "

Very respectfully submitted by

HERBERT W. LADD, *Governor, etc.*

OPINION OF THE COURT.

*January* 22, 1890.

*To His Excellency Herbert W. Ladd, Governor of the State of Rhode Island and Providence Plantations :*

We have received from your Excellency a communication requesting our opinion upon the following question :

"Is section 6 of chapter 731 of the Public Laws in conflict with sections 2 and 3 of article 8 of the constitution, ' Of Elections,' or in conflict with any other article or section of the constitution of the State."

In response to this inquiry our opinion is, that chapter 731 of the Public Laws is not in conflict with sections 2 and 3 of article 8 of the constitution of the State.

From the reference to these sections we assume that the supposed difficulty relates to returning the votes cast to different officers. Section 3 requires that the names of persons voted for as general state officers shall be placed upon one ticket ; that such votes shall be sealed up in open town meeting, and be sent to the secretary of state, to be counted at the ensuing May session of the General Assembly. Section 5 of article 8 requires that ballots for senators and representatives shall be counted in open town meeting, and the result declared. Section 6 of the same article, and chapter 10, § 19, of the Public Statutes, amended by Pub. Laws R. I. cap. 629, § 2, of April 19, 1887, requires ballots for other than general officers to be returned to the city or town clerks, to be counted by the mayor and board of aldermen or town council, as the case may be. From the language of section 6, chapter 731, of the Public Laws, it may be inferred that the act contemplates one ballot only, and that such ballot as a whole, because it contains the names of persons voted for as general officers, must be sent to the secretary of state, pursuant to said section 3, of article 8, thus preventing compliance with sections 5 and 6 of the same article, and with the law in regard to districted towns.

We do not think such an inference is necessary ; on the contrary, chapter 731 clearly implies that such course is not to be

taken. Section 14 requires the supervisors of elections to " make return by joint or separate report to the returning board or boards to whom said ballots are by law required to be returned." The intention evidently is that the ballots, with the report of the supervisors, shall go to the officers who are designated by the law to count them ; that is, ballots for general officers to the secretary of state, and ballots for other officers to the mayor and board of aldermen, or to the town council.

If one ballot is used, then the part containing the names of general officers would have to be detached from the other part, and each part sent to the proper officer.

We see nothing in the law forbidding this, and we do not see how the supervisors can fulfil the duties imposed upon them without doing this, unless separate ballots should be used for the two classes. We do not see that this latter course would necessarily conflict with the statute, although the implication in section 18 and elsewhere is that one ballot will be used.

The sections of the constitution referred to in the question of your Excellency simply require the votes for general officers to be by ballot upon one ticket and returned to the secretary of state.

In either of the ways aforesaid these requirements can be complied with.

THOMAS DURFEE,
CHARLES MATTESON,
JOHN H. STINESS,
P. E. TILLINGHAST,
GEORGE A. WILBUR.